UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

_____

In re:

EDDIE SPENCER AND PATRICIA
SPENCER,

            Debtors.

_____/

Case No. DG 17-00457
Chapter 13
Hon. Scott W. Dales

### MEMORANDUM OF DECISION & ORDER

PRESENT:    HONORABLE SCOTT W. DALES
                    Chief United States Bankruptcy Judge

Habitat for Humanity of Kent County, Inc. ("Habitat") alleges that it conducted a non-judicial foreclosure approximately five days after Eddie and Patricia Spencer (the "Debtors") filed their second chapter 13 petition with this court. Clearly frustrated with the Debtors' failure to make mortgage payments and their (so-far) successful efforts to forestall foreclosure, Habitat filed its Motion for Annulment of Stay (ECF No. 22, the "Motion"). The Debtors opposed the Motion (ECF No. 24), and the court conducted a final hearing in Grand Rapids, Michigan, on May 24, 2017, at which Habitat and the Debtors appeared through counsel. The chapter 13 trustee also appeared, but took no position.

At the hearing, neither party offered witnesses or formal evidence, both expressly relying on the papers submitted in connection with the Motion. After listening to oral arguments, the court took the matter under advisement. For the following reasons, the court will deny the Motion without prejudice.

Pursuant to local rule, a final hearing on a motion for relief from stay is generally conducted as an evidentiary hearing. *See* LBR 4001-1(c); *see also* Judge Dales's Procedures

Governing Live Testimony During Motion Day Hearings (Fed. R. Bankr. P. 9014(E)) at ¶ 2(b) (available at http://www.miwb.uscourts.gov/content/chief-judge-scott-w-dales).  In this case, during the final hearing on Habitat's Motion, counsel stated that his client intended to rely solely on his oral argument, as well as the brief and documents attached to the Motion.  For their part, the Debtors similarly did not offer evidence, relying strictly on the arguments of their counsel.

Habitat's Motion is premised on its view that the Debtors' poor payment history and their current chapter 13 case -- filed just over two months after dismissal of their first chapter 13 case -- is another in a series of bad faith delay tactics designed to forestall foreclosure.  This alleged bad faith, according to Habitat, constitutes "cause" to grant relief from the automatic stay under 11 U.S.C. § 362(d)(1), and more specifically an order annulling the stay to validate Habitat's post-petition foreclosure.[1]

Congress has assigned the burdens of proof on a motion for relief from the automatic stay as follows:

> (g)  In any hearing under subsection (d) or (e) of this section concerning relief from the stay of any act under subsection (a) of this section –
>
> (1)   the party requesting such relief has the burden of proof on the issue of the debtor's equity in property; and
>
> (2)   the party opposing such relief has the burden of proof on all other issues.

11 U.S.C. § 362(g).  However, as the Honorable James D. Gregg explained in an oft-cited opinion, "§ 362(g) does not contemplate allowing a creditor to blindly assert causes of action without bearing some burden of production."  *In re Holly's, Inc.,* 140 B.R. 643, 683 (Bankr. W.D. Mich. 1992).  Rather,

---

[1] The Debtors have not suggested that Habitat knowingly conducted the foreclosure sale in violation of the automatic stay.

> [t]he burden of proof on a motion to lift or modify the automatic stay is a shifting one. Section 362(d)(1) requires an initial showing of cause by the movant, while Section 362(g) places the burden of proof on the debtor for all issues other than "the debtor's equity in property"[.] If the movant fails to make an initial showing of cause, however, the court should deny relief without requiring any showing from the debtor that it is entitled to continued protection.

*Holly's, Inc.,* 140 B.R. at 683 *(quoting Sonnax Indus., Inc. v. Tri Component Prods. Corp. (In re Sonnax Indus., Inc.)*, 907 F.2d 1280, 1285 (2d Cir.1990)). In a contested stay relief motion, the initial showing that a moving party must make under § 362(g) has been described as a *"prima facie case,"* which is to say, an evidentiary showing. *See generally* 3 Collier on Bankruptcy ¶ 362.10 n.1 (Alan N. Resnick and Henry J. Sommer eds., 16th ed.). As the Honorable Guy Cole -- then a bankruptcy judge -- observed:

> [S]ound policy considerations militate in favor of a rule requiring that the party seeking relief from stay under § 362(d)(1) introduce a certain quantum of evidence sufficient to establish a *prima facie* case, or cause, thereby putting the debtor to the burden of producing evidence to show that the movant's interest is adequately protected. Unless the quantum of proof on the issue of cause under § 362(d)(1) reaches a certain threshold, no *prima facie* case is established and the debtor is not required to introduce evidence to meet and rebut the *prima facie* case.

*In re Planned Sys., Inc.*, 78 B.R. 852, 860 (Bankr. S.D. Ohio 1987) (*citing FSFG Service Corp. v. Kim (In re Kim)*, 71 B.R. 1011, 1015-16 (Bankr.C.D.Cal.1987)).

Here, the Motion is supported only by legal argument, which is not evidence, and Habitat's loan documents, which shed no light on the Debtors' supposed bad faith. Perhaps if Habitat had supported its Motion with an affidavit or solemn declaration, the court would be inclined to put the Debtors to their proofs under § 362(g)(2). *See* Fed. R. Civ. P. 43(c) (Evidence on a Motion) (made applicable to this contested matter by Fed. R. Bankr. P. 9017); 28 U.S.C. § 1746 (Unsworn declarations under penalty of perjury). There was, however, no affidavit or

other probative evidence submitted in connection with the Motion, nor a formal request to take judicial notice of any facts under Fed. R. Evid. 201(c)(2).

Even taking judicial notice of the docket and the dismissal of the Debtors' first chapter 13 case would not meaningfully assist Habitat in meeting its initial burden because the docket shows that on March 2, 2017, without objection, the court in the current case entered an order granting the Debtors' motion to continue the automatic stay, premised on a finding that they filed this case in "good faith." *See* Order Extending and Applying the Automatic Stay entered March 2, 2017 (ECF No. 17); 11 U.S.C. § 363(c)(2)(B) (authorizing continuation of the automatic stay upon showing of "good faith"). Moreover, in the court's experience, many debtors who initially fail to complete a chapter 13 case ultimately succeed in confirming a plan in a later case, which of course requires a finding of good faith. 11 U.S.C. § 1325(a)(3) (plan must be proposed in "good faith"). As the court noted during the hearing, Habitat has not objected to the Debtors' proposed plan. In general, without objection at confirmation, the court presumes that a debtor proposed the plan in good faith. *See* Fed. R. Bankr. P. 3015(f).

Because Habitat declined to offer evidence in support of its Motion (other than a promissory note and mortgage), it has failed to meet its initial, *prima facie*, burden. Under the circumstances, the court will not require the Debtors to offer opposing evidence, and will deny the Motion. *In re Planned Sys., Inc.*, 78 B.R. at 860.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Motion (ECF No. 22) is DENIED, without prejudice.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Memorandum of Decision & Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Eddie Spencer and

Patricia Spencer, Greg J. Ekdahl, Esq., Joseph A. Lucas, Esq., and Brett N. Rodgers, Esq., chapter 13 trustee.

END OF ORDER

**IT IS SO ORDERED.**

**Dated May 26, 2017**



Scott W. Dales
United States Bankruptcy Judge